IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


DEMETRIUS RASHAD GREENE,

      Appellant,

 v.                                    Case No.  5D16-1053

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed November 10, 2016

Appeal from the Circuit Court
for Orange County,
Marc L. Lubet, Judge.

James S. Purdy, Public Defender, and
Edward J. Weiss, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Cheesman,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM

      This is a direct appeal from Appellant's conviction of possession of a firearm by a

convicted felon.  The sole issue raised by Appellant concerns allegations of ineffective

assistance of his trial counsel.  To warrant reversal and a new trial based on that claim,

Appellant must establish that his trial counsel's actions were deficient and that the

deficiency so affected the trial that confidence in the outcome is undermined. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Johnston v. State*, 70 So. 3d 472, 477 (Fla. 2011). "This Court normally considers the merits of ineffective assistance of counsel claims after a postconviction motion has been filed under the applicable rule of criminal procedure and ruled upon by the trial court following the completion of any necessary evidentiary proceedings." *Robards v. State*, 112 So. 3d 1256, 1266 (Fla. 2013). "[A]n ineffective assistance of counsel claim may be treated on the merits on direct appeal only in the rare instance where (1) the ineffectiveness is apparent on the face of the record, and (2) it would be a waste of judicial resources to require the trial court to address the issue." *Id.* at 1267 (internal quotations and citations omitted). Appellant's claims do not meet the *Robards* criteria. Accordingly, we will not consider the merits of Appellant's allegations of ineffective assistance of counsel. We affirm Appellant's judgment and sentence without prejudice to allow Appellant to timely pursue his claim of ineffective assistance of counsel by filing an appropriate postconviction motion.

AFFIRMED.

SAWAYA, BERGER, and EDWARDS, JJ., concur.